## JOHN COLE *vs.* JOHN ACKERMAN.

Under *St.* 1852, *c.* 312, an answer in abatement cannot be filed after an affidavit of merits

ACTION OF TORT, commenced at June term 1854 of the court of common pleas.   The defendant filed an affidavit of merits within ten days after the entry of the action, pursuant to *St.* 1852, *c.* 312, § 10.   On the first day of the second term the court extended the time for filing an answer; and the defendant, within the extended time, filed an answer in abatement, on the ground that the writ was served by a coroner, instead of by a sheriff or his deputy.   *Hoar*, J., at December term 1854, over-ruled the answer in abatement, on the ground that it was not seasonably filed, and ordered the defendant to answer to the merits of the action.   The defendant excepted to this order, but answered to the merits, reserving his rights, and, after a trial and verdict for the plaintiff, brought the case to this court by exceptions.

*S. A. Brown*, for the defendant.   The practice act of 1852, *c.* 312, repealed, in terms or by implication, all rules of court then in force relating to the pleadings in personal actions and the time of filing them ; and §§ 27, 28, give the right to answer in abatement, with more liberality than the previous law.   The rule of the court of common pleas of July 29th 1852, relating to the time of filing answers in personal actions, (which was the only rule in force at the time of the hearing below,) makes no distinction between answers to the merits and answers in abate-ment.   The court of common pleas therefore erred in setting aside the answer in abatement, filed within the time which had been allowed by the court.   And the question, whether it was rightly thus overruled, without considering any question of law arising thereon, may be brought to this court notwithstanding the *St.* of 1840, *c.* 87, § 4.   The defendant, by answering to the merits under the order of the court, did not waive his exceptions. *Rathbone* v. *Rathbone*, 4 Pick. 89.   *Robbins* v. *Hill*, 12 Pick. 569. *Poyen* v. *McNeill*, 10 Met. 291.

*J. P. Converse*, for the plaintiff.

MERRICK, J. Exception is taken by the defendant to the ruling of the court, by which his answer in abatement was rejected, and he was required to file, instead of it, an answer to the merits, or submit to a default. Under the provisions of the practice act, any defence which might formerly have been made by a plea in abatement may now be availed of by an answer containing allegations sufficient to develop and explain it. *St.* 1852, *c.* 312, § 27. The defendant was therefore perfectly correct in the mode in which he attempted to take advantage of the erroneous service of the writ; and the only question is, whether, by omitting to interpose it at an earlier period in the progress of the suit, he had not waived and lost his right to set it up and insist upon it.

The rule established in the court of common pleas, previously to the enactment of the recent statute relating to the proceedings and practice of civil actions, expressly limited the time within which a plea in abatement could be received to the first four days of the term to which the writ was returnable. But that rule is no longer in force. Not being adapted to the present system of proceeding, and being in fact inconsistent with some of the provisions of the statute, it was superseded or repealed by necessary implication; and the time when a party may take advantage of matters in abatement is not governed by the general principles of law applicable to that species of defence.

As pleas in abatement, except when they are urged against the jurisdiction of the court, or are available in bar of the action—as for instance, in replevin, pleading property in the defendant or a stranger—do not enter into the merits of the cause, but are merely dilatory, they were, by the common law, always subjected to various restrictions. Bac. Ab. Abatement, O. Yelv. (Amer. ed.) 112, *note.* And the most practical and frequently applied of these restrictions was the general rule, that matters of this kind were not allowed to be pleaded after a general imparlance. That is a familiar rule in our own courts, where it has long been recognized and established. *Martin* v. *Common-*

*wealth*, 1 Mass. 347. *Coffin* v. *Jones*, 5 Pick. 61. And this is founded upon the substantial principle, that if a party takes no notice of any matter of formal exception in an early stage of the proceedings, it affords a reasonable ground to conclude that he considers it of no importance, and is willing to proceed to the trial of his rights upon the real questions in controversy between him and his adversary. *Simonds* v. *Parker*, 1 Met. 508. The same consequence follows from pleading to the action. Thus it was held, as stated by Wilde, J. in the case of *Brigham* v. *Clark*, 20 Pick. 50, that all objections to the process and the service of the writ are waived by pleading to the action.

These principles and illustrations disclose the rule which is to be applied to the time of filing an answer under our present system, containing a statement of formal matters in abatement of the action. It is now made the duty of our several courts to enter a default against any defendant on whom legal service has been made, unless he or some one in his behalf shall, within ten days after the return day of the writ, or on or before the last day of the term, when the same does not exceed ten days, have filed in the case an affidavit, declaring that he verily believes that he has a substantial defence to the action upon its merits, and intends to bring the same to trial. *St.* 1852, *c.* 312, § 10. Such a declaration, made in a manner so solemn and direct, must certainly be considered as equivalent to the interposition of a plea in bar, formally denying the right of the plaintiff to recover upon the cause of action stated in his writ. Yet that would preclude him from afterwards interposing a plea in abatement; and the same effect should be given to the stronger and more significant averments in the affidavit, because both disclose the intention of the party to waive all matters of form, and to rely exclusively upon the merits of his defence. This will be specially in conformity with the manifest purpose of the statute, to ensure a prompt, as well as just, administration of the law.

If therefore the defendant in any particular case means to insist upon any formal deficiency or irregularity, he may state it in abatement in his answer, but he must do so promptly, and

before he files his affidavit of merits, or he will be considered as having waived or abandoned it. Having put in such an answer, he may afterwards, if he thinks proper to do so, and he has any substantial or meritorious defence to the action, put in also his affidavit of merits; and thus all his rights, both in form and substance, will be sure to be preserved to him.

In the present case, the defendant, within ten days after the entry of the writ, filed his affidavit of merits, as required by law, and the action was thereby necessarily continued to the ensuing term. At that term he sought to abate the writ, by alleging that it was served by a coroner, when it should have been served by the sheriff or his deputy. That was an irregularity which, as was said by the court in the case of *Carlisle* v. *Weston*, 21 Pick. 535, could have done him no possible injury. He knew it, or might, by inspecting the writ, have known it on the first day of the first term, and it was his duty, if he meant to avail himself of it, to put the objection forward promptly, before costs had accumulated, and before he had indicated his purpose to stand solely upon the merits of his defence. Having failed to do so, the objection was properly held by the common pleas to have been waived, and the answer setting it forth was rightly rejected.

*Exceptions overruled.*